RECEIVED
IN LAKE CHARLES, LA
JUN 17 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| EVERETT LEON STOUT<br>FED. REG. #23867-001 | CIVIL ACTION NO. 09-0781<br>SECTION P |
| VS. | JUDGE MINALDI |
| WARDEN JOE YOUNG | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

Pro se petitioner Everett Leon Stout filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on May 13, 2009. Petitioner is an inmate in the custody of the Federal Bureau of Prisons. He is incarcerated at the Federal Correctional Institution, Oakdale, Louisiana. He attacks his confinement as unlawful and apparently seeks his immediate release from custody. This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE.**

### *Background*

On January 13, 2004, petitioner was found guilty of conspiracy to defraud the United States (18 U.S.C. § 371), transportation of stolen vehicles (18 U.S.C. § 2312) and multiple counts of mail fraud (18 U.S.C. § 1341) following a trial by jury in the United States District Court for the Northern District of Alabama. *United States v. Everett Leon Stout*, No. 2:02-cr-528 (N.D. Ala), doc. 330. On May 14, 2004, he was sentenced to serve concurrent sentences of 60 months, 120 months, and 151 months. *Id.* doc. 373. His appeal was dismissed by the United

States Eleventh Circuit Court of Appeals on August 15, 2005, for want of prosecution. *Id.* doc. 429.

On April 20, 2006, petitioner filed a *pro se* pleading styled, "Notice of Null and Void Judgment and Conviction Order and Demand for Immediate Release from Un-constitutional Incarceration." *Id.* doc. 449. His pleading was denied on April 20, 2006, and petitioner was warned that "subsequent filings regardless of the title given them or Defendant's admonishment not to construe them will be construed as the most closely analogous recognizable pleading. If such filings challenge the validity of the conviction or sentence imposed by this court, they will be construed as a habeas corpus petition under 28 U.S.C. § 2255 and treated as such. Failure to include all claims at that time will bar any successive petitions." *Id.* doc. 450. Petitioner's appeal of this order was dismissed by the Eleventh Circuit Court of Appeals on October 24, 2006, because of petitioner's failure to pay the filing fee. *Id.* doc. 459.

On April 13, 2007, petitioner filed another *pro se* pleading attacking his conviction and subsequent incarceration. This pleading was styled, "Petition or Application for Immediate Release Because of 'Actual and Factual Innocence' the Judgment Order is Null and Void Ab-Initio." *Id.* doc. 461. On April 19, 2007, the United States Magistrate Judge, having observed that the motion was "rambling and often incoherent" ordered petitioner "to provide the court with notice as to whether he wishes to pursue his petition for immediate release as a petition for habeas corpus pursuant to either § 2255 or § 2241" and advised petitioner to include all claims for relief. *Id.* doc. 462. Petitioner appealed the Magistrate Judge's order on May 2, 2007. *Id.* doc. 463. On May 7, 2007, the District Court found that the pleading, to the extent that it should be construed as a § 2255 Motion, was subject to dismissal as time-barred and, to the extent that it could be construed as a § 2241 petition invoking § 2255's "savings clause," it was subject to

dismissal because petitioner had not established that the § 2255 remedy was inadequate or ineffective. Finally, the Court noted, "[e]ven if this court were to consider the merits of defendant's claims for immediate release from confinement, he is not entitled to relief. Defendant has made the same arguments to this court in previous motions, and the arguments have been found to be without merit." *Id.* doc. 464.

On May 13, 2009, petitioner filed the instant petition for *habeas corpus* in this court. As with the pleadings filed in the Northern District of Alabama, the instant pleadings are "rambling and often incoherent." Nevertheless, the undersigned has attempted to decipher the claims and it appears, from a liberal reading thereof, that petitioner claims that he is "being wrongfully incarcerated in violation of the Constitution, laws and treaties of the United States" because: (1) the United States Attorney in the Northern District of Alabama lacked "legislative authority to prosecute"; (2) the purchase of the motor vehicles (which formed the subject matter of the criminal prosecution in the United States District Court) was in full compliance with Alabama law; (3) the Federal Bureau of Investigation was without authority to investigate the crime he was alleged to have committed; and (4) United States District Court Judge who presided over the case was not properly appointed. Doc. 1.

In his "Supplement Number One to Petition for Writ of Habeas Corpus" filed on the same date, petitioner argued his "actual and factual innocence" and noted seven "structural errors" in the prosecution as follows: (1) the offenses petitioner and his co-defendants were charged with violating were not acts prohibited by the United States Constitution; (2) the United States District Court for the Northern District of Alabama was not established under Article III of the Constitution; (3) petitioner and his co-defendants were prosecuted in a "None-Article III Court"; (4) under the supervision of a "None-Article III, Judge"; (5) that the case was brought by

an F.B.I. agent in violation of the authority granted by 28 U.S.C. §535 *et seq.*;" (6) that the F.B.I. exceeded its authority when it charged the petitioner and his co-defendants with various violations of federal law; and (7) neither the United States Attorney, the F.B.I., nor any other federal agency established that the federal government had jurisdiction to prosecute the petitioner and his co-defendants. Doc. 1-3.

On June 1, 2009, petitioner filed a "Request for Prohibition" asking the Court to prohibit the Bureau of Prisons from deducting or withholding money from petitioner's "Commissory Account" until the instant petition is fully adjudicated. Doc. 3, at 1. He also filed a "Notice of Preservation of Rights" *Id.* at 2-3.

## *Law and Analysis*

Petitioner seeks relief pursuant to 28 U.S.C. §2241. *Habeas corpus* petitions filed pursuant to 28 U.S.C. § 2241 are generally used to challenge the <u>manner</u> in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). On the other hand, a Motion to Vacate Sentence filed pursuant to 28 U.S.C. § 2255 allows federal inmates to collaterally attack the <u>legality of their convictions or sentences</u>. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990).

Petitioner collaterally attacks his convictions arguing actual innocence and various "structural" and jurisdictional defects in the prosecution. Thus, petitioner's claims are more appropriately raised in a § 2255 Motion to Vacate and not a petition for *habeas corpus* pursuant to § 2241.

Federal prisoners may use §2241 to challenge the legality of their convictions or sentences <u>but only</u> if they satisfy § 2255's "savings clause." *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir.2001). The "savings clause" provides that a federal convict

may file a writ of *habeas corpus* pursuant to § 2241 if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir.2000). The fact that a prior § 2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive or timeliness requirements does not make § 2255 inadequate or ineffective. *Jeffers*, 253 F.3d at 830; *Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

Petitioner has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense. Nor has he shown that his present claims were foreclosed by circuit law at the time when they should have been raised either at his trial, appeal, or first Motion to Vacate. He has failed to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the Savings Clause. Therefore, the instant petition for writ of *habeas corpus* must be dismissed for lack of jurisdiction. *See Christopher v. Miles*, 342 F.3d 378 (5th Cir. 2003).

## *Conclusion*

Accordingly, IT IS RECOMMENDED THAT the Petition for Writ of *Habeas Corpus* be DENIED and DISMISSED WITH PREJUDICE because the Court lacks jurisdiction to consider these claims.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed in chambers at Lake Charles, Louisiana, this 16th day of June, 2009.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE